**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| ARRON KORTE, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>PINNACLE FOODS GROUP LLC,<br><br>        Defendant. | Case No. _____ |

**NOTICE OF REMOVAL**

Defendant Pinnacle Foods Group LLC ("Pinnacle" or "Defendant") files this notice of removal of this action from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453.

**I.     INTRODUCTION**

1.     The Class Action Complaint ("Complaint" or "Compl.") alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, ("ICFA"), Missouri Merchandising Practices Act ("MMPA") and unjust enrichment in connection with the sale of Pinnacle's "Wish-Bone® E.V.O.O. Dressing – Made With Extra Virgin Olive Oil" ("the Dressing").

2.     The Complaint was filed in the Circuit Court of St. Clair, Illinois on or about January 3, 2017.

3. Plaintiff is Aaron Korte[1] ("Korte" or "Plaintiff"), a resident of the City of St. Louis, Missouri. (Compl. ¶ 8.)

4. Defendant is Pinnacle Foods Group LLC, a Delaware limited liability company with its principal place of business in New Jersey. (Compl. ¶ 9.)

5. Plaintiff seeks an unspecified amount of compensatory damages, statutory damages, restitution, attorneys' fees, costs, punitive damages, and injunctive relief for himself and on behalf of a proposed class of "[a]ll persons who purchased from Defendant [the Dressing], not for resale, from December 19, 2013 to the date of class certification and trial." (Compl. ¶ 18); (*see also* Prayer for Relief, Compl. at 15-16.)

6. On January 24, 2017, Pinnacle was served with a summons and copy of the Complaint. True and correct copies of all process, pleadings, and orders served upon Pinnacle are attached hereto as **Exhibit A**.

7. In accordance with 28 U.S.C. § 1446(d), Pinnacle is filing with the state court, and serving on Plaintiff, a Notice of Filing Notice of Removal.

8. This case may be removed pursuant to 28 U.S.C. § 1332(d) as it is a proposed class action in which there is minimal diversity and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**II.    VENUE**

9. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of St. Clair County, Illinois, a court encompassed by the Southern District of Illinois, East St. Louis Division.

---

[1] Plaintiff's name is listed as "Arron Korte" in the case caption of the Complaint, but "Aaron Korte" in the body of the Complaint. (*See* Compl. initial unnumbered paragraph, ¶ 8.)

2

**III.     REMOVAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

10. Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed member of the class is different from that of Defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

**A.     There Are More Than 100 Putative Class Members**

11. Plaintiff asserts the proposed class consists of "several thousand members." (Compl. ¶¶ 18, 20.)

12. Consequently, there are more than 100 putative class members.

**B.     Minimal Diversity Exists Between the Parties**

13. Upon information and belief, at the time this lawsuit was filed and at all times since, Plaintiff was and is a citizen of Missouri. (Compl. ¶ 8.)

14. At the time this lawsuit was filed and at all times since, Pinnacle was and is a limited liability company existing under the laws of Delaware, with its principal place of business in New Jersey. All of the membership interest of Pinnacle was and is owned by Pinnacle Foods Finance LLC. Pinnacle Foods Finance LLC is a limited liability company existing under the laws of Delaware, with its principal place of business in New Jersey. All of the membership interest of Pinnacle Foods Finance LLC was and is owned by Peak Finance Holdings LLC. Peak Finance Holdings LLC is a limited liability company existing under the laws of Delaware with its principal place of business in New Jersey. All of the membership interest of Peak Finance Holdings LLC was and is owned by Pinnacle Foods Inc. Pinnacle Foods Inc. is a publicly-traded Delaware corporation with its principal place of business in New Jersey. Thus, Pinnacle's citizenship is the same as Pinnacle Foods Inc.'s citizenship. Therefore,

at the time this action was filed and at all times since, Pinnacle was a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

15. Because Plaintiff is a citizen of Missouri, and Pinnacle is a citizen of Delaware and New Jersey, there is minimal diversity.

### C. The Amount in Controversy Exceeds $5 Million in the Aggregate

16. Pursuant to 28 U.S.C. § 1332(d)(2), an action is removable under CAFA only when "the matter in controversy exceeds the sum or value of $5,000,000 …." To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17. For removal purposes, Pinnacle needs only to make a "plausible allegation" that the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A removing defendant is no longer required to submit evidence in support of those allegations. *Id.* If the amount is challenged, the defendant must provide a good-faith estimate of the amount in controversy that is "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once a defendant makes this showing of plausibility, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. *Rauschkolb v. Chattem, Inc.*, 2016 WL 403495, at *2 (S.D. Ill. Feb. 3, 2016) (Herndon, J.) (citing *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014); *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

18. Though Pinnacle denies that it is liable to Plaintiff or the putative class in any way; the allegations in the Complaint demonstrate there is more than $5 million in controversy.

19. Plaintiff seeks compensatory damages, punitive damages, restitution, attorneys' fees, and injunctive relief in the form of a labeling change and corrective marketing, among other

relief. (Compl. at 15-16.)

20. In consumer product cases like this one, the amount of damages is usually based on product sales. *See Rauschkolb,* 2016 WL 403495, at *2-3 (considering total sales of mouthwash when allegedly deceptive statements made the product worth less than what the plaintiff paid); (Compl. ¶ 5) (Plaintiff seeks to "recover monies spent on these deceptively marketed products").)

21. Plaintiff's proposed class definition includes "[a]ll persons who purchased from Defendant [the Dressing], not for resale, from December 19, 2013 to the date of class certification and trial." (Compl. ¶ 18; *see also id.* ¶ 1 n.1.) Thus, if we estimate a trial setting of December 2018, the proposed class definition would include December 19, 2013 through December 2018.

### i. The Complaint Alleges a Nationwide Class

22. Plaintiff's class definition, as set forth above, does not include any geographical limits. (Compl. ¶ 18.) Based on this definition, Plaintiff seeks to certify a nationwide class.

23. During 2016, Pinnacle sold approximately 3,719,000 bottles of the Dressing in the United States. At an average retail price of $2.50 per bottle, the nationwide sales for 2016 totaled approximately $9.3 million. Pinnacle projects nationwide sales for 2017 and 2018 combined will be approximately $10.5 million. Thus, the total nationwide sales for the proposed class period will be approximately $19.8 million, well above the jurisdictional threshold.

### ii. Alternatively, the Complaint Alleges Illinois and Missouri Classes

#### (1) Illinois Class

24. Even if the Court construes the Complaint as seeking certification of classes of Missouri and Illinois consumers only, the amount in controversy still exceeds $5 million.

25. In 2016, Illinois sales of the Dressing totaled approximately $202,000. Illinois sales for 2017 and 2018 combined are projected to be $228,000. Thus, Pinnacle estimates the total sales of its Dressing in Illinois during the proposed class period will be approximately $430,000.

26. Punitive damages are also included in determining the amount in controversy. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011). The Seventh Circuit has suggested that constitutionally permissible punitive damages under the ICFA could be up to nine times the amount of damages. *See id.* at 275 (noting Illinois courts have approved a multiplier of seven and the U.S. Supreme Court has noted a multiplier as high as nine would be permissible); *Rauschkolb*, 2016 WL 403495, at *3. Thus, based on projected sales, punitive damages in Illinois could total more than $3.8 million.

27. Thus, the amount in controversy for the Illinois class could exceed $4.2 million, not including the cost of the injunctive relief Plaintiff seeks. *See Keeling*, 660 F.3d at 274 (considering the cost of compliance with injunctive relief when estimating the amount in controversy.)

**(2) Missouri Class**

28. In Missouri, 2016 sales of the Dressing totaled approximately $128,000. Pinnacle estimates that prospective sales through trial would add an additional $145,000. Thus, Pinnacle estimates the total sales of its Dressing in Missouri for the proposed class period will be $273,000.

29. Under Missouri law, punitive damages on an MMPA claim are capped at the "*greater* of: (1) Five hundred thousand dollars; or (2) Five times the net amount of the judgment awarded to the plaintiff against the defendant." Mo. Rev. Stat. § 510.265 (emphasis added).

"[J]udgment" for purposes of calculating punitive damages includes the attorney's fee award. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (citing *Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 165 (Mo. banc 2012)). Assuming attorney's fees of one-third of the class recovery, a punitive damages award could be more than $1.8 million.

30. Thus, Missouri sales and punitive damages could bring the total amount in controversy for the Missouri class to more than $2 million, not including the cost of the injunctive relief. When Illinois and Missouri are combined, the amount in controversy easily exceeds $5 million.

31. Plaintiff seeks injunctive relief in the form of a labeling change and corrective marketing. (Prayer for Relief.) The cost of such relief "would be significant." *Rauschkolb*, 2016 WL 403495, at *3.

32. In *Rauschkolb*, a similar ICFA deceptive labeling case involving mouthwash, this Court found that the $5 million amount-in-controversy requirement was satisfied with fewer total sales than those here ($500,000) when combined with similar requests for punitive damages and injunctive relief. *Id.*

33. Accordingly, regardless of whether the Court construes the Complaint as seeking certification of a nationwide class, or Illinois and Missouri classes, the amount in controversy is satisfied.

## IV. DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

34. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit A are true and correct copies of all process, pleadings, and orders served upon Pinnacle.

35. Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice of Removal, copies thereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.

36. Pinnacle reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

37. This Notice of Removal is timely because it was filed within 30 days of service upon Pinnacle. 28 U.S.C. § 1446(b). Pinnacle accepted service of the summons and a copy of the Complaint on January 24, 2017.

WHEREFORE, Defendant Pinnacle Foods Group LLC gives notice of the removal of this action from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

Dated:  February 23, 2017

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Andrew M. Meerkins
Andrew M. Meerkins, #6313482IL
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195
ameerkins@shb.com

James P. Muehlberger, (*pro hac vice* forthcoming)
Douglas B. Maddock, Jr., (*pro hac vice* forthcoming)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547
jmuehlberger@shb.com
dmaddock@shb.com

*Attorneys for Defendant Pinnacle Foods Group LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 23, 2017, the foregoing document was served upon the following via the Court's electronic filing system, electronic mail, and/or U.S. Mail, postage prepaid:

    Brian T. Kreisler
    THE KREISLER LAW FIRM, LLC
    P.O. Box 1353
    O'Fallon, IL 62269
    618-589-2165
    Brian@kreislerlawfirm.com

    Sean K. Cronin
    DONOVAN ROSE NESTER, P.C.
    201 S. Illinois Street
    Belleville, IL 62220
    618-212-6500
    Scronin@drnpc.com

    Michael R. Reese
    100 W. 93rd St., 16th Floor
    New York, NY 10025
    212-643-0500
    Fax: 212-253-4272
    mreese@reesellp.com

    *Attorneys for Plaintiff*

                                  /s/ Andrew M. Meerkins