# EXHIBIT A



**Service of Process Transmittal**
01/24/2017
CT Log Number 530572194

TO: Jack Kroeger, VP & Asst. Gen. Csl.
Pinnacle Foods Group LLC
399 Jefferson Rd
Parsippany, NJ 07054-3707

RE: **Process Served in Illinois**

FOR: Pinnacle Foods Group LLC  (Domestic State: DE)

**RECEIVED**
**JAN 2 7 2017**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARRON KORTE, individually and on behalf of others similarly situated, Pltfs. vs. Pinnacle Foods Group LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | St. Clair County - 20th Judicial Circuit Court, IL Case # 17L2 |
| **NATURE OF ACTION:** | Violation of Consumer Protection Act of Missouri |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/24/2017 at 11:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian T. Kreisler The Kreisler Law Firm, LLC PO Box 1353 O'Fallon, IL 62269 618-589-2165 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0124621857 |
| | Image SOP |
| | Email Notification,  Jack Kroeger  john.kroeger@pinnaclefoods.com |
| | Email Notification,  Kelley Maggs  Kelley.Maggs@pinnaclefoodscorp.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
           ) S.S.
County of St. Clair )

Case Number _____ 17-L- 2

Amount Claimed _over $50,000.00_

| Aaron Korte | Pinnacle Foods Group, LLC |
|---|---|
| | VS |
| Plaintiff(s) | Defendant(s) |

Classification Prefix _____ Code _____    Nature of Action _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. _Sean Cronin_____ Code _____
Address _201 S. Illinois_____
City _Belleville, IL 62220_____ Phone _____
Add. Pltf. Atty. _____ Code _ _

NAME _Pinnacle Foods Group, LLC_

c/o CT Corporation System

ADDRESS _208 S. Laselle Street, Suite 814_

### SUMMONS COPY

To the above named defendant(s)......

CITY & STATE _Chicago, IL 60604_

[✔] A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

[ ] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, __1-3-2017____ 20__
                         KAHALAH A. CLAY

SEAL

                     Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant
or other person)



ATTACHED

SERVICE INF
CT CORP SY

DOC TYPE:  LAW  1712
CASE NUMBER:
DEFENDANT
PINNACLE FOODS GROUP LLC
208 S LASALLE ST
CHICAGO, IL 60604
814

DIE DATE
01/27/2017

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ . . . . . . . . . . $_____ | |
| Total . . . . . . . . . . . . . . . . . . . . . . $_____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ARRON KORTE, individually and on
behalf of others similarly situated.

        Plaintiff,

v.

PINNACLE FOODS GROUP LLC ,

        Defendant

SERVE DEFENDANT AT:

C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
CHICAGO, IL 60604

17-L- 2

FILED
ST. CLAIR COUNTY

JAN 0 3 2017

*Kahlah a. Clay*
CIRCUIT CLERK
43

## CLASS ACTION COMPLAINT

Plaintiff, Aaron Korte, individually and on behalf of others similarly situated, ("Plaintiff"), alleges for his Class Action Complaint against PINNACLE FOODS GROUP LLC ("Pinnacle" or "Defendant"), upon personal knowledge as to their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by his attorneys, as follows:

### INTRODUCTION

1.    This is a proposed Illinois and Missouri multi-state class action brought by Plaintiff and a class of those similarly situated against Pinnacle to redress its unjust, unfair, and deceptive practices in the sale of its Wishbone branded salad dressing labeled "E.V.O.O. -Dressing- Made With Extra Virgin Olive Oil":



2.   By naming the product EVOO (i.e. Extra Virgin Olive Oil), and stating in bold letter – MADE WITH EXTRA VIRGIN OLIVE OIL, Defendant misleads consumers to believe the product is extra virgin olive oil with added herbs and spices (such as garlic and basil in the above product).   Defendant stated as much in its press release announcing the launch of the line of products where it represented:

- "Wish-Bone E.V.O.O. dressings combine the goodness of extra virgin olive oil with Wish-Bone's signature blend of vinegars and spices" [2]

---

[1] This class action is on behalf of purchasers of all flavors of the EVOO, and not limited to just the Garlic Basil.

[2] http://www.prnewswire.com/news-releases/wish-bone-innovates-with-launch-of-two-platforms-evoo-and-ristorante-italiano-salad-dressings-300215015.html (Accessed 12/10/16).

3. Indeed, this is what consumer would expect, as a traditional olive oil dressing consists mainly of olive oil and some herbs and spices. *See* University of Lincoln-Nebraska Institute of Agriculture and Natural Resources, "Making an Olive Oil Dressing" at *http://food.unl.edu/fnh/olive-oil-dressing*

4. Unfortunately for consumers, Defendant's representations are misleading and deceptive. The primary ingredient of its E.V.O.O line of Wishbone salad dressings is not extra virgin olive oil but, rather, water. Moreover, the oil contained in the product is not extra virgin olive oil but, rather a blend of cheap soybean oil and extra virgin olive oil. In sum, the product sold to consumers as being EVOO is anything but – rather it is a cheap, fraudulent imitation made with cheap fillers and other inferior ingredients.

5. Defendant's acts and omissions constitute, *inter alia*: (1) violations of the consumer fraud statutes of Illinois and Missouri; (2) unjust enrichment. Plaintiff, on his own behalf and other consumers, brings this action to stop Defendant's misconduct and recover monies spent on these deceptively marketed products.

## JURISDICTION AND VENUE

6. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), Section 2-209(a)(7) (making or performance of any contract or promise substantially connected with this State), Section 2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(a)(1), (a)(7), (b)(4) and (c).

CLASS ACTION COMPLAINT          3

7.   Venue is proper because the transaction at issue occurred in this County. 735 ILCS 5/2-101-103.   Venue in this County is further appropriate under Section 10a(b) of the Illinois Consumer Fraud and Deceptive Business Practices Act, as Defendant is doing business in this County.   810 ILCS 505/10a(b).

## PARTIES

8.   Plaintiff Aaron Korte is an individual consumer who, at all times material hereto, was a citizen of St. Louis, Missouri. In reliance upon each and all of the misrepresentations detailed herein, Plaintiffs purchased the Pinnacle product Wishbone branded E.V.O.O. line of salad dressings in the fall of 2016 from a Schnuck's Market located in St. Clair County, Illinois.

9.   Defendant Pinnacle is a Delaware limited liability company, with its principal executive offices and principal place of business located at 399 Jefferson Road, Parsippany, New Jersey. Defendant sells its Wishbone branded E.V.O.O. salad dressing products in Illinois and Missouri.

## COMMON FACTUAL ALLEGATIONS

10.   Health conscious consumers are routinely marketed extra virgin olive oil for health benefits versus inferior (and less expensive oils) such as soybean, peanut, and sunflower oils. These inferior oils are full of omega-6 fatty acids, which have been shown to be inflammatory and harmful in excess when consumption is not balanced with omega-3 fatty acids.[3] They've also generally been heavily processed,

---

[3] Dr. Joseph Mercola. http://articles.mercola.com/sites/articles/archive/2013/02/21/omega-6-dangers.aspx

using heat, which destroys nutrients. Olive oil, on the other hand; contains omega-3s fatty acids, which are anti-inflammatory[4], making extra virgin olive oil (EVOO) a premium oil for any health conscious consumer.

11. Pinnacle recognized the consumer attraction to the health benefits of E.V.O.O. and consumer expectations of quality when it developed its E.V.O.O. product. In a press release on February 4, 2016[5], Pinnacle stated:

- "Wish-Bone E.V.O.O. dressings combine the goodness of extra virgin olive oil with Wish-Bone's signature blend of vinegars and spices";

- "We want to make high-quality ingredients and gourmet flavors available and affordable in the mainstream salad dressings category," said Mark Schiller, EVP and President, Pinnacle Foods, manufacturer of Wish-Bone dressings. "Consumers are looking to make the best salads, and having the best salad dressings made with the best ingredients helps them achieve that."

- "In addition to its refined flavor, extra virgin olive oil has a multitude of health benefits. It is high in antioxidants and contains beneficial fatty acids as well as vitamins E and K";

   and

- "Chefs and food lovers everywhere seek out extra virgin olive oil because of its

---

[4] Lucas L, Russell A, Keast R. Molecular mechanisms of inflammation. Anti-inflammatory benefits of virgin olive oil and the phenolic compound oleocanthal. *Curr Pharm Design*. 2011;17:754-768.

[5] http://www.prnewswire.com/news-releases/wish-bone-innovates-with-launch-of-two-platforms-evoo-and-ristorante-italiano-salad-dressings-300215015.html (Accessed 12/10/16).

extremely high quality ;"

12.  In line with consumer health expectations Defendant promotes, markets, and sells, *inter alia*, a line of Wishbone branded salad dressings labeled "E.V.O.O. – Dressing- Made With Extra Virgin Olive Oil".

13.  The E.V.O.O. brand salad dressings are sold at a premium price, 25% more on average, over similar salad dressings on store shelves because the represented ingredient, i.e. E.V.O.O., is a premium oil.

14. Pinnacle fails to provide any disclosure on the face of the product packaging that the E.V.O.O. line of dressings all contain soybean oil. In fact, on the front of the bottle there is no mention of a blend of oils. The bottle simply states "Extra Virgin Olive Oil Dressing". The below screen-shot is of the Wishbone brand E.V.O.O. Garlic Basil line of products from the Wishbone brand website[6]:



---

[6] http://www.wish-bone.com/evoo/

CLASS ACTION COMPLAINT            6

15.   Using extra virgin olive oil as a salad dressing is not a new concept. Indeed, the use of the simple ingredient of extra virgin olive oil, vinegar and herbs and spice is considered to be a classic salad dressing used for centuries. *See* University of Lincoln-Nebraska Institute of Agriculture and Natural Resources, "Making an Olive Oil Dressing" at *http://food.unl.edu/fnh/olive-oil-dressing*

16.   Defendant promotes, markets and sells its E.V.O.O. line of dressings in such a manner to deceive the consumer into purchasing what he or she it is a true 100% E.V.O.O. product.   Unfortunately, the product is actually a cheap sham of E.V.O.O., comprised mainly of water and cheap soybean oil, and not premium E.V.O.O. Pinnacle's conduct is therefore unfair, deceptive and unjust.

## CLASS ACTION ALLEGATIONS

17.   This action has been brought and may be properly maintained under Illinois Rule of Civil Procedure 735 ILCS 5/2-801 et seq.

18.   Plaintiffs bring this action as a multi-state class action, on behalf of himself and all others similarly situated (the "Class"), initially defined to be all persons who purchased from Defendant a Wishbone brand E.V.O.O. salad dressing, not for resale, from December 19, 2013 to the date of class certification and trial.   Excluded from the Class are Defendant; members of the immediate families of the officers and directors of Defendant; their legal representatives, heirs, successors, or assigns; any entity in which they have or have had a controlling interest; and any entity that purchased Defendant's products for resale.

19.  As set forth infra, this action satisfies the requirements of Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, making certification of this action as a class action appropriate.

20.  **Numerosity**:  Plaintiff does not know the exact size of the Class; however, the Defendant markets and sells its Wishbone brand E.V.O.O. line of salad dressings in Illinois and Missouri. Therefore, upon information and belief, Plaintiff alleges that, at a minimum, the class consists of several thousand members. Accordingly, Plaintiff believes that the class members are so numerous and widely dispersed that joinder of all members is impractical.

21.  **Existence and Predominance of Common Questions of Law and Fact** — Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

> a.  whether  Defendant's  representations  were  likely  to  mislead  a reasonable consumer.
>
> b.  whether  Defendant  intended  for  consumers  to  rely  on  false  or misleading marketing when considering the purchase of the product;
>
> c.  whether Defendants conduct was unfair and/or deceptive;
>
> d.  whether Defendant was unjustly enriched, and if so, by what amount; and

e. whether Plaintiff and the other Class members have sustained damages, and if so, the proper measure of their damages.

22. **Typicality**— Plaintiff's claims are typical of the claims of the Class because Plaintiff, like all members of the Class, purchased the product at a premium versus other similar salad dressings in a typical consumer setting and sustained damages from Defendant's wrongful conduct. Thus, the claims of Plaintiff and other members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

23. **Adequacy of Representation**— Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent. Plaintiff has retained competent and experienced class action counsel who intend to vigorously prosecute the action. The Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

24. **Superiority**— A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the Class members is impracticable. The amount at stake for each consumer is such that individual litigation would be inefficient and cost prohibitive. Additionally, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

25. **Notice** — Plaintiff and his counsel anticipate that notice to the proposed Class will be effectuated by newspaper and internet publication.

## CAUSES OF ACTION

### COUNT I
### (Violation of Consumer Protection Act of Illinois)

26. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, supra, as if fully set forth herein.

27. Plaintiff brings his statutory consumer protection claim pursuant to the Consumer Protection Act of Illinois ("Illinois Act") which was enacted and designed to protect consumers against unfair, deceptive and/or fraudulent business practices. *See, e.g.*, 815 ILCS 505/1 *et seq.* Th Illinois Act is modeled after the FTC's consumer protection provisions

28. For example, Section 2 of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* provides, in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby, In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

29. Plaintiff and Class have standing to assert this claim because they are consumers within the meaning of the Act and Defendant's practices were addressed to the market generally and otherwise implicate consumer protection concerns. At all relevant times, Defendant conducted "trade and commerce" within the meaning of the Illinois Act See, e.g. 815 ILCS 505/1(f).

30. Defendant has committed unfair and/or deceptive acts by engaging in the acts and practices alleged herein including, but not limited to, misleading consumers regarding the ingredients of the Wishbone E.V.O.O. line of products.

31. Defendant intended that Plaintiff and the other Class members would rely on the unfair and deceptive acts and omissions alleged herein so that they would buy the Defendant's products.

32. Defendant's actions, which were willful and wanton, constitute intentional violations of the Illinois Act.

33. Defendant's unlawful, unfair and/or deceptive practices described herein are continuing in nature, and are widespread practices. Plaintiff and Class have been damaged as a proximate result of Defendant's course of conduct and its violations of the Illinois Act because they paid a premium for a product that was not as represented and thus does not satisfy the premium paid, and does not perform as intended and uniformly represented by Defendant.

34. Plaintiff and Class members respectfully request' an award of all compensable damages, and attorneys' fees, costs and expenses to be assessed against Defendant, within the limits set forth infra.

35. Therefore, Plaintiff prays for relief as set forth below.

## COUNT II
### (Violation of Consumer Protection Act of Missouri)

36. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, supra, as if fully set forth herein.

37. Plaintiff brings his statutory consumer protection claim pursuant to the Consumer Protection Act of Missouri ("Missouri Act") which was enacted and designed to protect consumers against unfair, deceptive and/or fraudulent business practices. See, e.g., Mo. Rev. Stat. § 407.010 et seq. The Missouri Act is modeled after the FTC's consumer protection provisions.

38. For example, the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. provides, in pertinent part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

Id. § 407.020(1).

39. Plaintiff and Class have standing to assert this claim because they are consumers within the meaning of the Act and Defendant's practices were addressed to the market generally and otherwise implicate consumer protection concerns. At

CLASS ACTION COMPLAINT          12

all relevant times, Defendant conducted "trade and commerce" within the meaning of the Missouri Act.

40. Defendant has committed unfair and/or deceptive acts by engaging in the acts and practices alleged herein including, but not limited to, misleading consumers regarding the ingredients of the Wishbone E.V.O.O. line of products.

41. Defendant intended that Plaintiff and the other Class members would rely on the unfair and deceptive acts and omissions alleged herein so that they would buy the Defendant's products.

42. Defendant's actions, which were willful and wanton, constitute intentional violations of the Missouri Act.

43. Defendant's unlawful, unfair and/or deceptive practices described herein are continuing in nature, and are widespread practices. Plaintiff and Class have been damaged as a proximate result of Defendant's course of conduct and its violations of the Missouri Act because they paid a premium for a product that was not as represented and thus does not satisfy the premium paid, and does not perform as intended and uniformly represented by Defendant.

44. Plaintiff and Class members respectfully request an award of all compensable damages, and attorneys' fees, costs and expenses to be assessed against Defendant, within the limits set forth infra.

45. Therefore, Plaintiff prays for relief as set forth below.

## COUNT III
### (Unjust Enrichment)

46.  Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

47.  By selling Wishbone E.V.O.O. salad dressing as represented herein through unfair and deceptive practices, Pinnacle has engaged in inequitable conduct and has received a benefit at the expense of consumers, including Plaintiff and the other Class members.

48.  At the time of the purchase of the E.V.O.O. product, Plaintiff and the other Class members conferred a benefit – *i.e.*, money and substantial revenue – on Pinnacle.

49.  Pinnacle engaged in deceptive marketing that induced the purchase of its E.V.O.O. product; the product contains a blend of oils, not just extra virgin olive oil.

50.  The profits and/or benefits obtained by Pinnacle through sales of its E.V.O.O. product are to the determent of Plaintiff and the other Class members and violate the fundamental principles of justice, equity, and good conscience.

51.  Such benefits constitute unjust enrichment for Pinnacle and it would be inequitable under the circumstances for it to retain the benefits received.

52.  THEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and the Class as follows:

A. An Order certifying the proposed Class under the Illinois Rules of Civil Procedure 735 ILCS 5/2-801; appointment of Plaintiffs as representative of the Class; and appointment of Plaintiff's undersigned counsel as counsel for the Class;

B. An Order declaring that Defendants are financially responsible for notifying Class members of the pendency of this suit;

C. An Order establishing Defendants as constructive trustees of the profits that served to unjustly enrich it, together with interest during the period in which Defendants retained such funds;

D. An Order providing injunctive relief, requiring Defendant Pinnacle to:

    a) clearly state on the packaging and marketing of Wishbone E.V.O.O. that the product contains an oil blend and is comprised mainly of water;

    b) add language on the Pinnacle website that E.V.O.O. product contains a blend of oils and water;

    c) provide restitution to Plaintiff and the other members; and

    d) disgorge all revenues obtained as a result of Defendant's violations of Illinois law, or any other state law.

E. An Order awarding statutory damages in the maximum amount provided by law;

F. An Order awarding monetary damages, including, but not limited to, any compensatory, incidental, or consequential damages in an amount to be determined by the Court or jury, with respect to the common law claims alleged;

G. An Order awarding compensatory damages, the amount of which is to be determined by the Court or jury;

H. An Order awarding punitive damages in accordance with proof and in an amount consistent with applicable precedent, if Plaintiff is granted authority to seek punitive damages by the Court;

I. An Order awarding interest at the maximum allowable legal rate on the forgoing sums;

J. An Order awarding Plaintiff his reasonable costs and expenses of suit, including his attorneys' fees; and

K. Such further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

DATED:   1/3/17

By _____

**THE KREISLER LAW FIRM, LLC**
Brian T. Kreisler
ARDC #06283303
Brian@kreislerlawfirm.com
P.O. Box 1353
O'Fallon, Illinois 62269
(618) 589-2165

**DONOVAN ROSE NESTER, P.C.**
Sean K. Cronin
ARDC #6292624
Scronin@drnpc.com
201 South Illinois Street
Belleville, Illinois 62220
(618) 212 – 6500

**REESE LLP**
Michael R. Reese *(pro hac to be filed)*
ARDC # 6319869
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*